# EXHIBIT 3

# McKool Smith

Robin Cohen
Direct Dial: (212) 402-9801
rcohen@McKoolSmith.com

One Manhattan West
395 9th Avenue, 50th Floor
New York, NY 10001-8603

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

May 29, 2020

**VIA EMAIL**

Yvette Nadgir
Claim Director
CHUBB North American Claims - Environmental
10 Exchange Place
Jersey City, New Jersey 07302
yvette.nadgir@chubb.com

RE:  Named Insured:   Northwell Health, Inc. ("Northwell")
     Loss Location:   Various
     Date of Notice:  April 7, 2020
     Claim:           COVID-19 Losses (the "Losses")
     Policy No.:      HPI G27376939 002 (the "Policy")
     Claim No.:       KY20K2288946 (the "Claim")

Dear Ms. Nadgir:

      We represent Northwell in connection with its Claim for coverage for the Losses under the Policy. Please direct all future correspondence regarding the Claim to my attention. We write in response to your letter to Maggie Emma dated May 20, 2020 (the "May 20 Letter"). The position expressed in the May 20 Letter—that there is no coverage for the Losses under the Policy—lacks any basis in the facts of the Losses or the language of the Policy and must be withdrawn. We request that you confirm Illinois National Insurance Company's ("Chubb") withdrawal of this position by June 10, 2020, as well as Chubb's intent to promptly provide coverage for all Losses covered under the Policy.

      Chubb's claim in the May 20 Letter that Northwell's Claim "does not involve a . . . 'facility-borne illness event' because COVID-19 does not come within the definition of . . . 'facility-borne illness event'" is contrary to the well-established facts regarding COVID-19.[1] The Policy defines "**Facility-borne illness event**" as:

---

[1] For avoidance of doubt, Northwell disagrees with other positions taken in the May 20 Letter, but this letter focuses on coverage for the Losses as a "facility-borne illness event" as an area in which there should be no disagreement whatsoever that Chubb must immediately reverse its coverage position.

**McKool Smith**
**A Professional Corporation • Attorneys**
**Austin | Dallas | Houston | Los Angeles | Marshall | New York | Washington, DC**

Yvette Nadgir
May 29, 2020
Page 2

> [T]he presence of a facility-borne infectious virus, bacteria or disease at a "covered location"; provided that such facility-borne infectious virus, bacteria or disease is not:
>
> > 1. Naturally occurring in the environment in amounts and concentrations discovered at the "covered location"; and
> >
> > 2. Solely or exclusively the result of communicability through human-to-human contact.

One needs to look no further than the website for the World Health Organization, with pages designed to provide the most elementary information about COVID-19 to educate the worldwide public, to see that COVID-19 easily satisfies the Policy definition of "facility-borne illness event." "The disease spreads primarily from person to person through small droplets from the nose or mouth, which are expelled from the nose or mouth, which are expelled when a person with COVID-19 coughs, sneezes, or speaks. . . . These droplets can land on objects and surfaces around the person such as tables, doorknobs and handrails. People can become infected by touching these objects or surfaces, then touching their eyes, nose or mouth."[2] This makes clear that COVID-19 is not *solely* the result of communicability through human-to-human contact. The May 20 Letter seeks to avoid this result by omitting that critical word "solely": "[T]he COVID-19 virus is communicable through human-to-human contact." While true, that is irrelevant to the determination of coverage under the Policy. The Policy requires the virus to be solely communicable through human-to-human contact. Chubb does not, and cannot, make this assertion, because it is not true.

This conforms to the objectively reasonable expectations of Northwell in purchasing the Policy. The mere words "facility-borne illness," even without the Policy definition, denotes that the illness needs to be "borne," that is, "carried or transported by the thing specified," by the "facility." A person reading these words would understand coverage would be provided where the facility itself, not just people, can bear the illness. And this is unassailably the case with COVID-19. Preliminary research published in the New England Journal of Medicine indicates the virus can survive for at least 72 hours on plastic or stainless steel, at least 24 hours on cardboard, and at least 4 hours on copper.[3] All of these materials are present at all of Northwell's facilities, and thus all of Northwell's facilities can "bear" COVID-19.

Chubb's only remaining argument in the May 20 Letter, that a "facility-borne illness" refers to a virus generated by the facility itself, not a virus brought into the facility by a person who is ill, finds no support in the language of the Policy. "Facility-borne illness" is a defined term in the Policy, and the definition contains no reference whatsoever to diseases created by the facility being included and diseases brought into facilities by people being excluded. Moreover, the term is not "facility-generated illness," whatever kind of illness that would be. It is "facility-borne illness," meaning the disease just has to be carried by the facility, not created by it. That

---

[2] https://www.who.int/emergencies/diseases/novel-coronavirus-2019/question-and-answers-hub/q-a-detail/q-a-coronaviruses, "How does COVID-19 spread?"

[3] https://www.nejm.org/doi/full/10.1056/NEJMc2004973

Yvette Nadgir
May 29, 2020
Page 3

Chubb has to resort to omitting key words from the definition and adding significant language that does not appear in the definition in an attempt to support its coverage position demonstrates just how unsupportable that position is.

Northwell is on the front lines in the fight against COVID-19, with its employees working tirelessly to provide critical medical care, defeat the disease, avoid further illness and loss of life, and enable a return to normalcy.  Its Losses are significant, and it has turned to Chubb to provide coverage for those Losses that it clearly purchased.  Northwell requests that Chubb acknowledge coverage for the Losses as a "facility-borne illness event" by June 10, 2020.  Should you wish to discuss this further, we can be available at your convenience.  Northwell reserves all rights under the Policy and at law, including the right to commence litigation against Chubb to obtain the coverage it purchased and badly needs.

Very truly yours,

Robin Cohen

cc: Maggie P. Emma, Esq. – memma@northwell.edu
Alexander M. Sugzda, Esq. – asugzda@mckoolsmith.com
Cindy Jordano, Esq. – cjordano@mckoolsmith.com