# McKool Smith

Robin Cohen
Direct Dial: (212) 402-9801
rcohen@McKoolSmith.com

One Manhattan West
395 9th Avenue, 50th Floor
New York, NY 10001-8603

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

December 10, 2020

**VIA ECF**

Hon. Laura Taylor Swain, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      RE:    *Northwell Health, Inc. v. Illinois Union Insurance Co.*, No. 1:20-cv-06893-LTS-OTW (S.D.N.Y.) - Response to Defendant's Notice of Supplemental Authority

Dear Judge Swain:

    We represent Northwell Health, Inc. ("Northwell"), plaintiff in the above-referenced action, and we write in response to Defendant Illinois Union Insurance Company's ("Illinois Union") Notice of Supplemental Authority filed on December 8, 2020, ECF No. 43, which discussed and provided the recent decision in *London Bridge Resort LLC v. Illinois Union Insurance Co.*, No. CV-20-08109-PCT-GMS, 2020 WL 7123024 (D. Ariz. Dec. 4, 2020), in support of Illinois Union's pending motion to dismiss.

    While Illinois Union argues in the Notice that the definition of "pollution condition" in the policy at issue in *London Bridge* is "materially identical to the definition at issue in this action," the Complaint in the *London Bridge* action differs sharply from the Complaint here. The *London Bridge* Complaint alleged that the plaintiff resort suffered solely business interruption loss as a result of an executive order issued by the Governor of Arizona. *See* Ex. A, *London Bridge* Complaint ¶¶ 18–25. Here, Northwell, a network of hospitals and healthcare facilities, has alleged that it has suffered significant costs as well as business interruption losses fighting the spread of coronavirus in its facilities. This includes costs to clean and otherwise remediate its facilities, including the presence of hazardous substances or materials such as infectious waste present at its facilities. *See* Compl., ECF No. 1, Ex. A ¶¶ 1, 6–8, 15, 35, 37. In contrast to the *London Bridge* plaintiff, whose Complaint contained no such allegations, Northwell's allegations are squarely within the definition of "pollution condition," which includes, *inter alia*, "hazardous substances, hazardous materials or . . . medical, red bag, infectious or pathological wastes." *Id.* ¶ 46.

**McKool Smith**
**A Professional Corporation • Attorneys**
**Austin  |  Dallas  |  Houston  |  Los Angeles  |  Marshall  |  New York  |  Washington, DC**

Hon. Laura Taylor Swain, U.S.D.J.
December 10, 2020
Page 2

      Northwell further notes that *London Bridge* is irrelevant to Northwell's claim under the policy for its decontamination costs because the coronavirus is a "facility borne illness event," a separate coverage that was not at issue in *London Bridge* and is the subject of Northwell's pending motion for partial summary judgment (ECF Nos. 15–19). The coronavirus pandemic falls squarely within the definition of "facility borne illness event" because it is a virus that can survive on surfaces that is not naturally occurring in the environment and is not solely the result of communicability through human-to-human contact.

      Northwell thanks the Court for its time and attention to this matter.

                            Respectfully submitted,

                            /s/ Robin L. Cohen

                            Robin Cohen

cc:    All Counsel of Record (via ECF)